**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**NATALIE GONZALEZ**                                                                                            **PLAINTIFF**

**VS.**                                                                       **CIVIL ACTION NO.: 3:26-cv-96-SA-JMV**

**SHANTONU BASU**                                                                                          **DEFENDANT**

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
RECOMMENDING DISMISSAL**

This matter is before the court on a motion to proceed in forma pauperis [Dkt. 2] by Natalie

Gonzalez. After due consideration, the Court finds that the motion to proceed in forma pauperis is

well taken and is **GRANTED.**  However, service of the same is withheld as the court, *sua sponte*,

reviews this *pro se* pauper status complaint for consideration of recommendation of dismissal

for  failure to state a claim on which relief can be granted as to amount to frivolity pursuant to 28

U.S.C. § 1915(E)(2)(B), and for failure to state any factual basis for federal court jurisdiction.

28 U.S.C. § 1915(e)(2)(B) imposes a screening responsibility on the district court when the

plaintiff has been granted pauper status. That section provides, in relevant parts, as follows:… the

court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i)

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief.

Plaintiff's complaint reads in its entirety: "1. Defendant engaged in ex parte communication,

2. Plaintiff demands $100,000. I, Natalie Gonzalez, declare under penalty of perjury that I am the

Plaintiff, I have read the Complaint and that the information contained in the Complaint is true and

correct." [Dkt. 1].

In determining whether a complaint fails to state a claim, the Court uses the same pleading

standard used under Federal Rule of Civil Procedure 8(a). A cause of action fails to state a "claim upon

which relief can be granted" if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2). *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.,* 201 F. App'x 988, 990 (5th Cir. 2006). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Rule 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless, *see Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e).

In this case, without *any* coherent factual allegations, it is impossible to determine that Plaintiff's claim is anything other than frivolous. In fact, a brief, non-exhaustive search using the Bloomberg Law database shows that Plaintiff has, this month alone, filed identical complaints against the same defendant in twenty other district courts across the nation.[1] This duplicative filing of complaints across multiple districts indicates a pattern of vexatious litigation that wastes judicial resources and can result in sanctions to the filer. *See Emrit v. Bd. of Immigr. Appeals*, No. 2:22-

---

[1] A, review of other court dockets indicates at least the following complaints: *Gonzalez v. Basu*, No. 1:26cv71 (S.D. Ga.); *Gonzalez v. Basu*, No. 1:26cv193 (N.D. Ind.); *Gonzalez v. Basu*, No. 1:26cv783 (S.D. Ind.); *Gonzalez v. Basu*, No. 1:26cv68 (W.D. Ky.); *Gonzalez v. Basu*, No. 1:26cv1183 (D. Mass.); *Gonzalez v. Basu*, No. 8:26cv1539 (D. Md.); *Gonzalez v. Basu*, No. 1:26cv357 (M.D.N.C.); *Gonzalez v. Basu*, No. 1:26cv1226 (D.N.M.); *Gonzalez v. Basu*, No. 3:26cv287 (D. Nev.); *Gonzalez v. Basu*, No. 1:26cv390 (S.D. Ohio); *Gonzalez v. Basu*, No. 5:26cv869 (W.D. Okla.); *Gonzalez v. Basu*, No. 2:26cv84 (E.D. Tenn.); *Gonzalez v. Basu*, No. 1:26cv142 (E.D. Tex.); *Gonzalez v. Basu*, No. 2:26cv180 (E.D. Wash.); *Gonzalez v. Basu*, No. 3:26cv363 (W.D. Wis.); *Gonzalez v. Basu*, No. 1:26cv90 (N.D. Fla. Apr. 24, 2026); *Gonzalez v. Basu* No. 8:26CV174, (D. Neb. Apr. 22, 2026); *Gonzalez v. Basu* No. 1:26-cv-1159, (C.D. Ill. Apr. 23, 2026); *Gonzalez v. Basu* No. 4:26-cv-00598, (E.D. Mo. Apr. 24, 2026); and *Gonzalez v. Basu,* No. 26-CV-231 (N.D. Okla. Apr. 29, 2026).

CV-00110, 2022 WL 4287659, at *1 (S.D.W. Va. Mar. 31, 2022), *report and recommendation adopted*, No. 2:22-CV-00110, 2022 WL 3594518 (S.D.W. Va. Aug. 23, 2022).

Based on the foregoing, this Court recommends that Plaintiff's complaint be DISMISSED for failure to state a claim and frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B), and for a lack of any facts to support federal jurisdiction.

Procedure for Objections

The *pro se* Plaintiff is referred to L.U. Civ. R. 72(a)(3) for the applicable procedure in the event she desires to file objections to the findings and recommendations herein contained. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within (14) fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SO ORDERED and respectfully submitted, this the 4th day of May, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**